***E-FILED - 9/30/08***

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JOSE J. MESA-RAMOS, | ) | No. C 08-4139 RMW (PR) |
| | ) | |
| Plaintiff, | ) | ORDER OF DISMISSAL |
| | ) | |
| v. | ) | |
| | ) | |
| ALAMEDA COUNTY SANTA RITA JAIL, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff, an inmate at Santa Ritz County Jail, has filed a pro se civil rights complaint under 42 U.S.C. § 1983. Plaintiff is granted leave to proceed in forma pauperis in a separate order. In the complaint, plaintiff indicates that he has not exhausted his administrative remedies. The court dismisses this action without prejudice for failure to exhaust his administrative remedies.

**DISCUSSION**

The Prison Litigation Reform Act ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion is mandatory and

Order of Dismissal
P:\PRO-SE\SJ.Rmw\CR.08\Mesa-Ramos139dis-exh.wpd 1

1  no longer left to the discretion of the district court. Woodford v. Ngo, 126 S. Ct. 2378, 2382
2  (2006) (citing Booth v. Churner, 532 U.S. 731, 739 (2001)).

3       Furthermore, the PLRA exhaustion requirement requires "proper exhaustion" of available
4  administrative remedies. Id. at 2387. The plain language of the PLRA requires that *prior to*
5  *filing suit*, all "administrative remedies available [must be] exhausted." 42 U.S.C. § 1997e(a);
6  see Vaden v. Summerhill, 449 F.3d 1047, 1051 (9th Cir. 2006) ("The bottom line is that a
7  prisoner must pursue the prison administrative process as the first and primary forum for redress
8  of grievances. He may initiate litigation in federal court only after the administrative process
9  ends and leaves his grievances unredressed. It would be inconsistent with the objectives of the
10 statute to let him submit his complaint any earlier than that."). The Ninth Circuit has interpreted
11 1997e(a) to mean that an action must be dismissed unless the prisoner exhausted his available
12 administrative remedies *before* he or she filed suit, even if the prisoner fully exhausts while the
13 suit is pending. McKinney v. Carey, 311 F.3d 1198, 1199 (9th Cir. 2002).

14      Because exhaustion under § 1997e(a) is an affirmative defense, a complaint may be
15 dismissed for failure to exhaust only if failure to exhaust is obvious from the face of the
16 complaint and/or any attached exhibits. See Wyatt v. Terhune, 315 F.3d 1108, 1119-20 (9th Cir.
17 2003). The court may dismiss a complaint for failure to exhaust where the prisoner "conce[des]
18 to nonexhaustion" and "no exception to exhaustion applies." Id. at 1120.

19      Here, plaintiff indicates in his complaint that he filed a grievance at the informal appeal
20 level. Thereafter, plaintiff concedes that he did not proceed further because he "felt [he] was
21 going nowhere with it and the grievens [sic] sergeant said it was ok what the deputy did."
22 Complaint at 2. Accordingly, he has not exhausted his administrative remedies, and no
23 exception to exhaustion is alleged or apparent in the complaint. Section 1997e(a) requires that
24 plaintiff must exhaust all administrative remedies before raising the claim in a § 1983 complaint
25 in federal court. See McKinney, 31 F.3d at 1199. As it is clear from the complaint that plaintiff
26 has not completed all levels of administrative review available to him, and there is no applicable
27 exception to the exhaustion requirement, dismissal without prejudice is appropriate. See Wyatt,
28 315 F.3d at 1120.

Order of Dismissal
P:\PRO-SE\SJ.Rmw\CR.08\Mesa-Ramos139dis-exh.wpd 2

1   Accordingly, the above-titled action is hereby DISMISSED without prejudice to
2   plaintiff's refiling his claim after all available administrative remedies have been exhausted.
3   The Clerk shall close the file.
4   IT IS SO ORDERED.
5   DATED:  9/30/08

*Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge

Order of Dismissal
P:\PRO-SE\SJ.Rmw\CR.08\Mesa-Ramos139dis-exh.wpd    3